IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILFRED McCLENDON, Plaintiff, | ) JURY TRIAL REQUESTED |
| v. | ) CASE NO. 21-CV-00313-DWD |
| (TA Sgt.) SHEILA LEWIS, Lt. MICHAEL CONAT, (Fmr. Sgt.) Lt. REID, Sgt. SLOVER, Sgt. HANSON, Sgt. ECKELBERRY, C/O MARSHALL, C/O SLUNAKER, (JANE DOE, NO.#1), C/O AMBER ELLIOTT, C/O C. PIPER, CAO-DEANNA BROOKHART, Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, WILFRED McCLENDON, PRO SE, by and thru the Assistance of other prisoners, Complains and bring this action against abovementioned named Defendants, in their Individual and Official capacities, and alleged as follows:

11. DEFENDANT, C/O SLUNAKER, IS NOW AND WAS AT ALL TIMES COMPLAINED OF AN OFFICER EMPLOYED BY IDOC, AT LAWRENCE C.C.,. HE ENGAGED IN THE CONDUCT COMPLAINED OF WHILE ACTING UNDER THE COLOR OF LAW.

12. DEFENDANT, (JANE DOE, NO. #1), IS NOW AND WAS AT ALL TIMES COMPLAINED OF AN NURSE EMPLOYED BY WEXFORD HEALTH SOURCES, INC. ("WEXFORD"), CONTRACTED BY IDOC, AT LAWRENCE C.C.,. SHE ENGAGED IN THE CONDUCT COMPLAINED OF WHILE ACTING UNDER THE COLOR OF LAW.

13. DEFENDANT, AMBER ELLIOTT, IS NOW AND WAS AT ALL TIMES COMPLAINED OF AN OFFICER EMPLOYED BY IDOC, AT LAWRENCE C.C.,. SHE ENGAGED IN THE CONDUCT COMPLAINED OF WHILE ACTING UNDER THE COLOR OF LAW.

14. DEFENDANT, C/O C. PIPER, IS NOW AND WAS AT ALL TIMES COMPLAINED OF AN OFFICER EMPLOYED BY IDOC, AT LAWRENCE C.C.,. HE ENGAGED IN THE CONDUCT COMPLAINED

15. DEFENDANT, DEANNA BROOKHART, IS NOW AND WAS AT ALL TIMES COMPLAINED OF THE WARDEN AND CHIEF ADMINISTRATIVE OFFICER EMPLOYED BY IDOC, AT LAWRENCE C.C.,. SHE ENGAGED IN THE CONDUCT COMPLAINED OF WHILE ACTING UNDER THE COLOR OF LAW.

16. BASED UPON INFORMATION AND BELIEF, ALL OF THE DEFENDANTS ARE WHITE AND/OR OF A CAUCASIAN-AMERICAN DESCENT.

## JURISDICTION AND VENUE

1. This Court has Jurisdiction of this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. 1331 and 1343, and the Constitution of the United States; Supplemental Jurisdiction under 28 USC 1367.

2. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all Defendants reside in this Judicial District, and the events giving rise to the claims asserted herein occurred within this District.

## PARTIES

3. Plaintiff, WILFRED MCCLENDON, #B-59999, is an African-American prisoner within the custody of the Illinois Department of Corrections, housed at Lawrence Correctional Center, 10930 Lawrence Road, Sumner, Illinois 62466. Mr. McClendon is a Medically Diagnosed Seriously Mentally Ill ("SMI") Inmate, who has been Diagnosed Asthmatic, as well.

4. Defendant, SHEILA LEWIS, is now and was at all times complained of an officer employed by the Illinois Department of Corrections ("IDOC"), at Lawrence Correctional Center ("Lawrence C.C."). She engaged in the conduct complained of while acting under the color of law. ("Temporarily Assigned Sergeant "TA Sgt."").

5. Defendant, MICHAEL CONAT, is now and was at all times complained of an ranking officer Lieutenant

Employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

6. Defendant, Lt. REID, is now and was at all times complained of a ranking officer Sergeant ("Sgt."), Employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

7. Defendant, Sgt. SLOVER, is now and was at all times complained of a ranking officer Sergeant, Employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

8. Defendant, Sgt. HANSON, is now and was at all times complained of a ranking officer Sergeant, Employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

9. Defendant, Sgt. ECKELBERRY, is now and was at all times complained of a ranking officer Sergeant, Employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

10. Defendant, C/O MARSHALL, is now and was at all times complained of an officer employed by IDOC, At LAWRENCE C.C.,. He engaged in the conduct complained of while acting under the color of law.

# STATEMENT OF FACTS

17. ON MARCH 18, 2019, PLAINTIFF, MR. McCLENDON, WAS HOUSED IN LAWRENCE C.C.'S 7-HOUSE, B-WING.

18. ON THIS SAME DAY, MR. McCLENDON, WAS TOLD BY A (NON-PARTY) B-WING OFFICER THAT A NURSE WAS ON LOCATION TO ADMINISTER AN "OBSERVATION CALL-LINE" FOR MEDICATION, AND THAT MR. McCLENDON WAS ON THE CALL-LINE LIST.

19. ON THIS SAME DAY, AS MR. McCLENDON PREPARED TO ATTEND THE CALL-LINE, HE ASKED (NON-PARTY) B-WING OFFICER COULD HE RETRIEVE A CUP OF ICE. THE (NON-PARTY) B-WING OFFICER GRANTED MR. McCLENDON'S REQUEST FOR A SMALL CUP OF ICE, AND ALLOWED HIM TO PROCEED TO RETRIEVE THE ICE.

20. ON THIS SAME DAY, AFTER, MR. McCLENDON, RETRIEVED THE SMALL CUP OF ICE, HE PROCEEDED TO THE CALL-LINE TO RECEIVE HIS MEDICATION. WATER WAS PLACED INSIDE OF MR. McCLENDON'S CUP AS A MEDICAL REQUIREMENT TO ORALLY SWALLOW MEDICATION PILLS.

21. ON THIS SAME DAY, DEFENDANT LEWIS, BEING AN TEMPORARY ASSIGNED SERGEANT, BLATANTLY DISREGARDED THE MEDICAL PROCESS AND MEDICAL NEED FOR MR. McCLENDON TO DRINK WATER WITH HIS MEDICATION, AND ATTEMPTED TO SNATCH MR. McCLENDON'S CUP OF ICE WATER. AS MR. McCLENDON'S NATURAL REFLEX MOVED HIS HAND AWAY FROM DEFENDANT LEWIS' MOTION TO INTERFERE WITH MR. McCLENDON'S ORAL CONSUMPTION OF HIS PSYCHOTROPHIC MEDICATION. SHE IS REASON WHY I WAS PUT IN SEGREGATION FIRST OF ALL BECAUSE OF "LIE'S" SHE TOLD. IT'S ALL "HER FAULT" SHE IS ONE WHO CALLED LT AND C/O'S "TO HURT ME!"

22. ON this same day, DEFENDANT LEWIS, began yelling at MR. McClendon that She, per se, did not give him permission to get Ice, Id. and cuff-up!

23. ON this same day, MR. McClendon, being a Seriously Mentally Ill-Inmate, not understanding any IDOC Rule that he may have violated, asked Defendant Lewis, what rule did he violate when the B-Wing Officer had given him permission to get Ice. Defendant Lewis, did not care about the B-Wing Officer's permission and maliciously attempted to handcuff MR. McClendon.

24. Based upon information and belief, on this same day, Defendant Lewis, contacted Defendant Conat, and conspired to Trump-Up False Disciplinary Charges and Assault, MR. McClendon.

25. ON this same day, March 18, 2019, Defendant Conat, entered 7-House with Defendants, Reid, Slover, Hanson, Eckelberry, Marshall and Slunaker.

26. ON this same day, Defendant Conat, entered B-Wing, where MR. McClendon attempted to explain to Defendant Conat, the incident with Defendant Lewis. Defendant Conat, did not want to hear anything MR. McClendon was saying, and ordered him to place his hands behind his back to be handcuffed. MR. McClendon, complied.

27. On this same day, after Mr. McClendon was handcuffed behind his back, Defendants Conat, Reid, Slover, Hanson, Eckelberry, Marshall, and Slunaker, mounted-up, to escort Mr. McClendon to the Segregation Unit.

28. On this same day, as Mr. McClendon, was escorted out the building of 7-House, Defendants Conat and Reid, began to assault Mr. McClendon, by first tightening the handcuffs around Mr. McClendon's wrist with the intentions to cut-off Mr. McClendon's blood-flow and circulation. Mr. McClendon began to yell about the tightness, as Defendants Conat and Slover, with ultimate force, slammed Mr. McClendon violently to the ground.

29. Mr. McClendon's face, chest, shoulders, legs, and knees, violently crashed against the solid concrete ground. As Mr. McClendon, yelled very helplessly, unable to comprehend Defendants Conat, Slover and Reid's, unlawful assault against him.

30. On this same day, as Defendants Conat, Slover, and Reid, assaulted Mr. McClendon, without cause, Defendants Hanson, Eckelberry, Marshall, and Slunaker, stood on the side-line, and took no action to stop their assault on Mr. McClendon.

31. On this same day, Defendants Conat, Slover, and Reid, yanked Mr. McClendon from the ground by

the handcuffs and arms, extending Mr. McClendon's arms up in the air behind his back, causing Mr. McClendon's body stretched forward, bent at his waist, with Mr. McClendon's face toward the ground, being completely overcome and lacking vitality, will, or power to rise, exhausting from his Asthma, and being dragged, while in severe pain.

32. On this same day, Defendants, CONAT, REID, SLOVER, HANSON, ECKELBERRY, MARSHALL, and SLUNAKER, continued to escort Mr. McClendon to the Segragation Unit. Thereafter, Defendant REID, left.

33. Upon reaching the Segregation Unit, A-Wing, Mr. McClendon was placed in a secure shower with "Leadchain" the shower door closed and locked. Defendant CONAT, told Mr. McClendon to put his hands thru the restraint port.

34. Being in severe pain from the violent assault from Defendants CONAT, SLOVER, and REID, Mr. McClendon, stated that he was physically unable to do so. In blatant disregard for Mr. McClendon's physical state-of-being... Defendant CONAT, ordered Defendant SLUNAKER, to "Pepper Spray" Mr. McClendon.

35. Mr. McClendon, immediately advised Defendants SLUNAKER and CONAT, that he was Asthmatic and could possibly have an Asthma Attack and Die, while begging Defendants not to spray him.

36. On this same day, March 18, 2019, In Blatant Disregard for Mr. McClendon's Serious Medical Condition, Defendant Slunaker, deployed a very excessive amount of Pepper Spray towards Mr. McClendon's eyes, nose and mouth. As he yelled for Defendant Slunaker to stop because they were, "Trying to Kill me!"

37. On this same day, after being excessively sprayed with the Pepper Spray, Mr. McClendon, began to choke, while losing oxygen to properly breathe thru his nose and mouth. Mr. McClendon began to desparately gasp and gasp for Air, as Defendants began to pull Mr. McClendon's arms thru the port.

38. During the pulling of Mr. McClendon's arms with leadchain thru the door-port, Defendants would make his Back hit the door real hard, to the point it felt like muscles were being pulled, as Defendants again squeezed close the handcuffs around Mr. McClendon's wrist, cutting open flesh, where Blood splattered over the shower door and walls, before removing the handcuffs.

39. On this same, as Defendants Conat, and Slunaker, Disregarded Mr. McClendon's Serious Medical Condition, and excessively sprayed him with Large amounts of Pepper Spray. Defendants Slover, Hanson, and Eckelberry, and Marshall, stood on the side-lines and did nothing to stop the mistreatment. These Defendants then all left together.

40. On this same day, March 18, 2019, Mr. McClendon, informed a Lt. Phillip and C/o Thomas that he could not breathe and needed an Asthma Pump, due to the large amount of Pepper Spray.

41. On this same day, approximately 20 minutes later, Defendant (Jane Doe, No. #1), came to the Seg. Unit, A-Wing, and provided Mr. McClendon with an Asthma Pump, then proceeded to place liquid solution on Mr. McClendon's face and eyes. Defendant (Jane Doe, No. #1), failed to treat Mr. McClendon's pains within his writs, arms, shoulder, knees and back, after being informed of Defendants assaults.

42. On this same day, Lt. Phillips and C/o Thomas, placed Mr. McClendon within a Segregation, while he remained with open cuts and bleeding.

43. On March 19, 2019, Mr. McClendon, informed C/o West that he was still bleeding and had severe pains in his knees, elbow, wrist, and had open-cuts as well, and that he needed Medical Attention. However, Mr. McClendon did not receive any Medical Attention, after requesting.

44. On this same day, March 19, 2019, Mr. McClendon was served Two (2) Separate Disciplinary Tickets that were falsely written by Defendants Lewis, and Conat.

45. Both Disciplinary Reports charged Mr. McClendon with "Assault" and "Disobeying A Direct Order."

46. Defendant Lewis, false report failed to include any violations of IDOC Rules that Mr. McClendon violated in retrieving the cup of ice on March 18, 2019, which was the cause of everything else that followed.

47. At some point, Mr. McClendon was interviewed by an Investigator Marc Hodge, regarding the March 18, 2019 Incidents. No Surveillance Video Footage could substantiate Defendant Lewis' false allegations that Mr. McClendon "hit her hand". Nor was there any Surveillance Video Footage that could substantiate Defendant Conat's false allegations that Mr. McClendon, pulled away from Defendant Conat, while being escorted to Segregation or that "he was spit on" by Mr. McClendon.

48. On March 21, 2019, Mr. McClendon, went to an Disciplinary Hearing before the Adjustment Committee. Where he explained that he had a witness in his Defense. No continuance was given to secure his witness. And he asked the Committee to review Video Footage in his Defense which was Denied. He was found Guilty.

49. Mr. McClendon was Denied a Fair and Impartial Disciplinary Hearing, where the

Adjustment Committee's "FINAL SUMMARY REPORT" does not indicate any Independent Investigation that was conducted by the Committee to satisfy their basis for Punishment. Their Report only Reiterates what Mr. McClendon was initially charged with and Mental Health Recommendations.

50. The Adjustment Committee sentenced Mr. McClendon to 6 Months C-Grade, 45 Days Segregation, Disciplinary Transfer, and 6 Months Contact Visits Restriction.

51. Based upon Information and Belief, Mr. McClendon was left in Segregation beyond the sentenced 45 Days.

52. At some point, Mr. McClendon was transferred to Pickneyville Correctional Center. In August 2019, Mr. McClendon left Pickneyville C.C. and was REMANDED to the Cook County Department of Corrections.

53. During Mr. McClendon's criminal case REMAND, he received a new lesser sentence. He was again sentenced to IDOC in January 2020, where he returned.

54. On or about, February 11, 2020, Mr. McClendon was transferred back to Lawrence C.C., where he eventually was housed in General Population.

55. Based upon Information and Belief, Defendant Brookhart, conspired to Retaliate against Mr. McClendon, by having him placed back in Segregation under the false pretense of "Investigation."

56. On July 29, 2020, it is believed under the direction of Defendant Brookhart, Mr. McClendon was taken out of General Population and placed in Segregation, with a Sham, "Investigative Ticket," written by Defendant Piper.

57. On August 27, 2020, Defendant Elliott, wrote Mr. McClendon, another "Investigative Ticket," so that he could remain in Segregation as punishment without violating any IDOC Rules.

58. On September 23, 2020, Defendant Elliott again wrote Mr. McClendon, another Sham, "Investigative Ticket," to keep him placed in Segregation without violating any IDOC Rules.

59. On November 30, 2020, Defendant Brookhart, had Mr. McClendon, moved to the Highest-Security maximum wing in IDOC ... "Administrative Detention," where Mr. McClendon violated NO IDOC Rules or Regulations. Although Defendant Brookhart, did not place him under "Administrative Detention Status," because it would require her to complete paperwork,

And Forward such documents to IDOC Deputy Director, IDOC Chief of Operations, and/or the IDOC Director, which she did not wish to do.

60. Defendant Brookhart, wanted to keep her actions and/or inactions that were unlawful under the radar, while unlawfully punishing Mr. McClendon.

61. On this same day, November 30, 2020, Mr. McClendon filed a grievance regarding Defendants unlawful acts.

62. On December 16, 2020, a Counselor Gosnell, responded to Mr. McClendon's grievance:

> "Seg confinement and cell placement is an administrative decision. Per written response from Warden ["Defendant"] Brookhart - Offender assaulted staff @ this facility and cannot stay due to safety and security concerns."

63. As of October 25, 2021, Mr. McClendon is still housed in Administrative Detention Wing for punishment, for the March 18, 2019 incident.

64. As of June 18, 2021, Lawrence C.C. began to transition into a full maximum-security facility, and has transferred hundreds (approx. 500) inmates between June 2021 thru October 2021. Mr. McClendon has not been among that number.

# COUNT 1.- EIGHTH AMENDMENT
## EXCESSIVE FORCE
## CRUEL AND UNUSUAL PUNISHMENT
## DELIBERATE INDIFFERENT TO MEDICAL CONDITION
## FAILURE TO INTERVENE

65. PlaintiFF, WILFRED MCCLENDON, Repeat, Re-Allege and Incorporate by Reference the Factual Allegations as Fully set Forth herein.

66. The Eighth Amendment to the United States Constitution guarantees MR. MCCLENDON the Right to be Free From Excessive Force, Cruel and Unusual Punishment, Deliberate Indifference, and Failure To Intervenes.

67. Defendants, CONAT, REID, SLOVER, and SLUNAKER, Acting under the color of State Law, Violated Plaintiff's 8th Amendment Protected Rights to be Free From Excessive Force, and Cruel and Unusual Punishment, When Defendants CONAT, REID, SLOVER and SLUNAKER, Failed to use De Minimus Forces against Plaintiff, and engaged in a Vicious Assault against Plaintiff without Lawful Justification.

68. Defendants, CONAT and SLUNAKER, acting under the color of State Law, Violated Plaintiff's 8th Amendment Protected Rights to be Free From Cruel and Unusual Punishment, and Deliberate Indifference to Serious Medical Condition, When

Plaintiff advised Defendants Conat and Slunaker, of his Asthmatic Condition and that Pepper Spray would harm him, and Defendant Slunaker, in blatant Disregard followed Defendant Conat's, order, and excessively sprayed Plaintiff causing physical harm and exacerbating Plaintiff's Asthmatic Condition.

69. Defendants, Hanson, Eckelberry, and Marshall, Acting under the color of State Law, violated Plaintiff's 8th Amendment Protected Rights to be free from Excessive Force, Cruel and Unusual Punishment, and Deliberate Indifference to a Serious Medical Condition, when Defendants Hanson, Eckelberry, and Marshall, Stood on the Side-line and Failed to Intervene the unlawful conduct by Defendants Conat, Reid, Slover, and Slunaker.

70. Defendants, Hanson, Eckelberry, and Marshall, acting under the color of State Law, violated Plaintiff's 8th Amendment Protected Rights, to be free from Excessive Force, Cruel and Unusual Punishment, and Deliberate Indifference to a Serious Medical Condition, when Defendants Hanson, Eckelberry, and Marshall, Approved, Condoned, Facilitated, or Turned a Blind Eye to the Unlawful Wanton and Malicious Conduct of Defendants Conat, Reid, Slover and Slunaker.

# COUNT 2.- FIRST AND EIGHTH AMENDMENTS
## RETALIATION
## EXCESSIVE PUNISHMENT
## CRUEL AND UNUSUAL PUNISHMENT

71. Plaintiff, WILFRED MCCLENDON, Repeat, Re-Allege and Incorporate by Reference the Factual Allegations as Fully Set Forth herein.

72. The First and Eighth Amendments to the United States Constitution guarantees Mr. McClendon the Rights to be Free From Retaliation, Excessive Punishment, and Cruel and Unusual Punishment.

73. Defendant, Brookhart, acting under the color of State law, violated Plaintiff's 8th Amendment Protected Rights to be Free From Excessive Punishment, and Cruel and Unusual Punishment, when Defendant Brookhart, Approved, Condoned, Fostered, Facilitated, or Turned A Blind Eye to Mr. McClendon Serving more than his 45 Day Sentence in Segregation For the March 18, 2019 Incident, which was imposed by the Disciplinary Committee and Finalized by Defendant.

74. Defendant, Brookhart, acting under the color of State law, violated Plaintiff's 8th Amendment Protected Rights to be Free From Excessive Punishment, and Cruel and Unusual Punishment, when Defendant Brookhart, pretextually, with unlawful means, ordered For Mr. McClendon to be placed back in Segregation,

under a "Pretextual De Facto Investigation Status," All the while covertly punishing Mr. McClendon twice For the March 18, 2019 Incident.

75. Defendant, Brookhart, Acting under the Color of State Law, violated Plaintiff's 8th Amendment Protected Rights to be Free From Excessive Punishment, and Cruel and Unusual Punishment, when Defendant Brookhart, while lawful, but with unlawful means, ordered for Mr. McClendon Housing in General Population to be re-assigned to live in a "Pretextual De Facto Administrative Detention Status/Wing," All the while covertly punishing Mr. McClendon thrice For the March 18, 2019 Incident.

76. Defendant, Brookhart, Acting under the Color of State Law, violated Plaintiff's 1st and 8th Amendment Protected Rights to be Free From Retaliation, Excessive Punishment, and Cruel and Unusual Punishment, when Defendant Brookhart, took retaliatory action against Plaintiff after he used his Free Speech to inform Lawrence C.C.'s Adjustment Committee and believed to be IDOC external Investigator of the unlawful, malicious, and wanton, conduct of Officers on the evening of March 18, 2019, who violently assaulted Mr. McClendon and used False Trumped-Up Charges to Justify their unlawfulness.

# COUNT 3.—FIFTH AMENDMENT DOUBLE JEOPARDY

77. Plaintiff, WILFRED MCCLENDON, repeat, re-alleged and incorporate by reference the factual allegations as fully set forth herein.

78. The Fifth Amendment to the United States Constitution guarantees Mr. McClendon the right to be free from Double Jeopardy.

79. Defendant, Brookhart, acting under the color of State Law, violated Plaintiff's 5th Amendment Right to be free from Double Jeopardy, when Defendant Brookhart, while may be lawful, pretextualley, by unlawful means, upon learning that Mr. McClendon was transferred back to Lawrence C.C., after being released from segregation and completing penalties imposed upon Plaintiff for the March 18, 2019 Incident, placed Mr. McClendon back in segregation, under a "Pretextual De Facto Investigation Status," all the while punishing Plaintiff twice for the March 18, 2019 Incident, then re-assigning housing for Plaintiff from regular general population, to under "Pretextual De Facto Administrative Detention Housing," all the while covertly punishing Mr. McClendon, thrice for the March 18, 2019 Incident.

80. Defendant, Brookhart, has final policy and decision making authority at Lawrence C.C.,.

## COUNT 4.– CONSPIRACY, VIA 42 U.S.C.§1983

81. Plaintiff, WILFRED MCCLENDON, repeat, re-allege and incorporate by reference the factual allegations as fully set forth herein.

82. As described in the preceding paragraphs, Defendants, LEWIS, CONAT, REID, SLOVER, HANSON, ECKELBERRY, MARSHALL, SLUNAKER, ELLOTT, PIPER, and BROOKHART, all acting under the color of State law, and acting in concert with other known and unknown conspirators, reached an understanding to deprive Plaintiff of his Constitutional Rights.

83. Plaintiff, Mr. McClendon, was deprived of his Constitutional Rights in the manner described in the preceding paragraphs.

84. That in furtherance of the Conspiracy, the Defendants, LEWIS, CONAT, REID, SLOVER, HANSON, ECKELBERRY, MARSHALL, SLUNAKER, (JANE DOE, NO. #1), ELLOTT, PIPER, and BROOKHART, committed overt and covert acts, and were otherwise willful participants in joint unlawful activity with and as State Actors under the color of law.

85. The unlawful misconduct described in this Amended Complaint was undertaken with malice, willfulness, aforethought, and reckless indifference to Mr. McClendon's Constitutional Rights.

86. As a Result of the aforementioned deprivation of Federally Protected Rights, Mr. McClendon have suffered and will likely continue to suffer Injuries, including, but not limited to, Emotional Distress.

## CONCLUSION

WHEREFORE, Plaintiff, WILFRED MCCLENDON, pro se, asks for the following Judgments against Defendants:

A.) Declaratory and Injunctive Relief;

B.) Compensatory Damages of $100,000.00;

C.) Punitive Damages of $ 200,000.00;

D.) Emotional and Mental Damages of $75,000.00;

E.) Cost and Fees incured in this action; and,

F.) Any other relief deemed Just and Fair.

Respectfully Submitted,

/s/ Wilfred McClendon

Wilfred McClendon #B-59999
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466
(Pro Se - Plaintiff)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

**Type of Report:** ☒ Disciplinary ☐ Investigative

Facility: ______ Date: 3/18/19

Offender Name: McClendon Wilfred ID #: B59999

Observation Date: 3/17 Approximate Time: [illegible] ☐ a.m. ☐ p.m. Location: R7 [illegible]

**Offense(s): DR 504:** 102 Assault, 215 Discharging a dust ... [illegible]

**Observation**: (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time I, Sgt. [illegible] was assigned to R7 A wing while conducting ... med line I/M McClendon Wilfred (B59999) who resides in R7 B 17 came out to the ... to get his medication. I/M McClendon (B59999) went to the ... and scooped ice in his cup. The T.A. Sgt. directed I/M McClendon he was out here to get medication not ice. I/M McClendon stated "I get ice whenever I want you can't tell me what to do." I/M McClendon then proceeded to move to get his medication. The T.A. Sgt. asked I/M McClendon for his ID. I/M McClendon refused. The T.A. Sgt. [illegible] hand out and gave I/M McClendon a direct order to give his ID

**Witness(es):** ______

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| Sgt. Slevins [illegible] | 2271 | [signature] | 3-18-19 | 5:50 ☐ a.m. ☒ p.m. |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement ☐ Investigative Status Reasons: Nature of Offence

Major M. Duchna 96 — [signature] — 3/18/19

Printed Name and Badge # — Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) — Date

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer Comment: Continue Confinement

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Wheeler 271 — [signature] — 3/18/19

Print Reviewing Officer's Name and Badge # — Reviewing Officer's Signature — Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Simms [illegible] — [signature] — 3/19/19

Print Hearing Investigator's Name and Badge # — Hearing Investigator's Signature — Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign ______ Offender's Signature ______ ID#

E. Clay — [illegible] — [signature]

Serving Employee (Print Name) — Badge # — Signature

3-19-19 — [illegible] ☐ a.m. ☐ p.m.

Date Served — Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ______ ID# ______

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report ______ Print offender's name ______ ID# ______

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable) ______

Witness can testify to: ______

Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable) ______

Witness can testify to: ______



Distribution: Master File, Offender

Printed on Recycled Paper

DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

Facility

☐ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: ______ Incident # (if applicable): ______

**Offender Information:**

Offender Name: ______ ID #: ______

Use the space below to provide any additional information.

[illegible] 3-19-19



Distribution: Master File Offender

*Printed on Recycled Paper*

DOC 0318 (Eff. 8/2006)
(Replaces DC 7212)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

**Type of Report:** ☒ Disciplinary ☐ Investigative

Facility: [illegible] Date: [illegible]

Offender Name: McClendon, [illegible] ID #: B59099

Observation Date: 3-18-19 Approximate Time: [illegible] ☒ a.m. ☐ p.m. Location: R7 B [illegible]

**Offense(s): DR 504:** 102b Assault, 215 Disobeying a Direct Order

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time this ofc was assigned to Zone 5 & 6. This ofc was called to R-7 [illegible] R-7 this ofc was informed by Sgt Lewis that inmate McClendon B59099 had [illegible] in the [illegible] and was refusing to be placed into restraints by Sgt Lewis. This ofc observed inmate McClendon standing by the R-7 B wing door. This ofc then gave inmate McClendon several direct orders to turn around and be placed into restraints. Inmate McClendon refused at first but then finally complied. As this ofc and Sgt Slover were escorting inmate McClendon out of R-7, inmate McClendon attempted to pull away from this ofc. As inmate McClendon attempted to [illegible] this ofc and Sgt Slover took inmate McClendon

**Witness(es):** Sgt. Slover, Sgt. [illegible], Sgt. [illegible], Sgt. [illegible], C/O [illegible]

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | 3-18-19 | [illegible] ☐ a.m. ☐ p.m. |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement ☐ Investigative Status Reasons: Nature of Offense

Printed Name and Badge #: [illegible] Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer): [illegible] Date: 3/18/2019

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer Comment: Continue Confinement

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge #: [illegible] Reviewing Officer's Signature: [illegible] Date: 3/18/19

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #: Simms 6063 Hearing Investigator's Signature: [illegible] Date: 3/19/19

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign Offender's Signature ID#

Serving Employee (Print Name): E Clary Badge #: 6074 Signature: [illegible]

Date Served: 3-19-19 Time Served: 730 ☐ a.m. ☒ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report Print offender's name ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable)

Witness can testify to:

Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable)

Witness can testify to:



Distribution: Master File, Offender

Printed on Recycled Paper

DOC 0317 (Eff. 7/2018)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

Lawrence C.C.
Facility

☒ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: 3-13-18 Incident # (if applicable):

**Offender Information:**

Offender Name: McClenlon, Wilfred ID#: B58999

Use the space below to provide any additional information.

to the ground to regain complete control. This r/Lt. gave inmate McClenlon a direct order to be compliant and not pull away from this Lt. Inmate McClenlon was then stood up and this r/Lt, Sgt Slover and Sgt [illegible] then escorted inmate McClenlon to Segregation. Once on Segregation A wing this r/Lt asked for a lead chain to the restraints of inmate McClenlon. After the lead chain was applied to the restraints this r/Lt gave inmate McClenlon a direct order to step into the secure shower. Inmate McClenlon stepped into the secure shower and the shower was secured and the lead chain was passed through the cuffing port. Before the restraints could be removed inmate McClenlon turned towards this r/Lt and stated "Fuck you Bitch" and then spit on the chest of this r/Lt. Inmate McClenlon then turned away from the cuffing port so the restraints couldn't be removed. As this r/Lt was trying to regain control of inmate McClenlon, inmate McClenlon then spit at this r/Lt, the spit struck this r/Lt in the forehead. This r/Lt gave inmate McClenlon several direct orders to place his hands through the cuffing port. Inmate McClenlon continued to attempt to spit on this r/Lt and other staff this r/Lt then ordered C/O Slunaker to deploy pepper spray to inmate McClenlon. C/O Slunaker then deployed a short burst of pepper spray to the head area of inmate McClenlon. Inmate McClenlon was given several direct orders to place his hands through the cuffing port. Inmate McClenlon finally complied and the restraints were removed and the cuffing port was secured. this r/Lt then left Segregation. Once in the foyer C/o Marshall stated that spit from inmate McClenlon had struck him in the chest area. Shift Commander notified. Inmate McClenlon was evaluated by health care. Inmate McClenlon was [illegible] by state I.D.

Clay, Gary [illegible] 3-19-19

Lt [illegible] 5784 [illegible]
3-13-18 [illegible]




# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE

## FINAL SUMMARY REPORT

**Name:** MCCLENDON, WILFRED **IDOC Number:** B59999 **Race:** BLK

**Hearing Date/Time:** 3/21/2019 03:21 AM **Living Unit:** LAW-S-AL-05 **Orientation Status:** N/A

**Incident Number:** 201900977/1 - LAW **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 3/18/2019 | 201900977/1-LAW | LEWIS, SHEILA D | HOUSING UNIT SEVEN | 06:00 PM |
| 3/18/2019 | 201900977/2-LAW | CONAT, MICHAEL R | HOUSING UNIT SEVEN B WING | 06:04 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 102b | Assault | Guilty |
| 215 | Disobeying a Direct Order Essential to Safety and Reduced to : 313 | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

MHP completed a DOC0443 and the Committee reviewed.
ODR read. Pled not guilty to both charges. Stated- I have a witness but couldn't turn it in because they haven't let me have a pen. The officer didn't let me sign when served. Sgt was hateful. My C/O gave me permission to get ice. Look at the camera. I did nothing to her. I did not spit on officers.

## BASIS FOR DECISION

Based on TA Sgt Lewis conducting R7 B Wing medline states I/M McClendon B59999 came out for medication and stopped at the ice machine and scooped ice in his cup. Lewis advised McClendon he was out here to get meds, not ice. McClendon replied "I get ice whenever I want. You can't tell me what to do. Lewis asked McClendon for his ID to which McClendon refused. When Lewis put her hand out and gave McClendon a direct order to give his ID, McClendon smacked Lewis's hand and stated "Get away. You're not getting my ID. I get ice whenever I want." Lewis gave McClendon three direct orders to turn around and cuff up., to which McClendon refused. Zone Lt Conat notified, responded, placed McClendon in mechanical restraints, and escorted McClendon out of the housing unit.
Mental Health reviewed inmate's case and summarized in Mental Health Summary (completed DOC0443). MHP recommendations were to resume proceeding and proposed segregation time to 45 days for 102b charge and 45 days for 215 charge. The Adjustment Committee reviewed DOC0443 and recommended 45 days segregation time due to seriousness of the offense.
Based on ODR reporting Lt Conat being informed by Sgt Lewis that I/M McClendon B59999 had hit her in the arm and was refusing to be placed into restraints by Sgt Lewis. Conat gave McClendon several direct orders to be placed in restraints. McClendon refused then finally complied. As Conat and Sgt Slover were escorting McClendon out of the housing unit, McClendon attempted to pull away from Conat. Conat states they had to take McClendon to the ground to regain control. McClendon, placed in a secure shower in Seg, turned to Conat, stated "Fuck you bitch", and proceeded to spit on Conat's chest. McClendon turned away from the cuff port so the restraints couldn't be removed. McClendon then spit onto the forehead of Conat. Conat gave McClendon several direct orders to place his hands in the cuffing port. McClendon continued to attempt to spit on staff. Conat ordered C/O Slunaker to deploy pepper spray to McClendon. Slunaker deployed a short burst of pepper spray to McClendon's head area. McClendon was given several more direct orders to place his hands in the cuff port, to which McClendon finally complied. Conat was informed by C/O Marshall that spit from McClendon had struck him in the cheek area. Based on witnesses to incident: Sgt Slover, Sgt Hanson, Sgt Eckelberry, and C/O Slunaker.
Mental Health reviewed inmate's case and summarized in Mental Health Summary (completed DOC0443). MHP recommendations were to resume proceeding and proposed segregation time to 45 days for 102b charge and 45 days for 215 charge. The Adjustment Committee reviewed DOC0443 and recommended 45 days segregation time due to seriousness of the offense.

Ex.hbt-4

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** MCCLENDON, WILFRED **IDOC Number:** B59999 **Race:** BLK
**Hearing Date/Time:** 3/21/2019 03:21 AM **Living Unit:** LAW-S-AL-05 **Orientation Status:** N/A
**Incident Number:** 201900977/1 - LAW **Status:** Final

**DISCIPLINARY ACTION** *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 45 Days Segregation | 45 Days Segregation |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

**Basis for Discipline:nature of offense**

**Signatures**
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| WILLIAMS, DARREN N - Chair Person | [signature] | 03/21/19 | WHI |
| DELLINGER, GALEN P | [signature] | 03/21/19 | IND |

Recommended Action Approved

**Final Comments:** N/A

DEANNA M BROOKHART / DMB 4/22/2019 [signature] 04/22/19
**Chief Administrative Officer** **Signature** **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

[signature] 4/30/19 12p
**Employee Serving Copy to Committed Person** **When Served - - Date and Time**

Exhibits I

Housing Unit: Seg A Bed #: L-5

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: | Offender: (Please Print) Wilfred McClendon | ID#: B-59999 |
|---|---|---|
| Present Facility: Pinkneyville Corr. Cen. | Facility where grievance issue occurred: Lawrence Cor. Cen. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Other (specify):
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Disciplinary Report: 3 / 18 / 19 (Date of Report) Lawrence Corr. Cen. (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On the above date 3-18-19 I was house in Seven House on B wing low 17 at the time of Medline call. The c/o who work Seven House B wing open my cell to let me out to go get my med. Then I ask him could I get some ice. Sgt. Lewis was out there in foyer when I went get the ice. Then she said to me that I wasn't out there for ice, so I got my ice and then went put water in my cup and Sgt. Lewis was still talking about the ice. Now as am put the water in my cup Sgt. Lewis try to take my cup out my hand. And I pulled back my cup and told her she do not have the right to take anything out my hand or touch my cup then I said it not in your rule book to were you can take anything out inmates hands. I told her she is wrong for trying take my cup out my hand. So then she asked me for my I.D., I told her I didn't have it. So she said cuff up then I told her I didn't do anything and I would like to

**Relief Requested:** That Justice be done were as my rights was violation by cruel and unusual punishment 8 amend and 14 amend. To the U.S. Consts as a result of delibe rate indifference and negligence.

☑ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

Wilfred McClendon (Offender's Signature) B59999 (ID#) / / (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name | Counselor's Signature | Date of Response / /

**EMERGENCY REVIEW**

Date Received: / /

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature | Date / /



Printed on Recycled Paper

speak to a Lt. then she said go back on your wing. Then I went back on Swing after that Lt. Conat show up with a lot of C/o's. Then I try to explain to Lt. Conat about the situation that occured with his Sgt. Lewis. But Lt. Conat had his mind made up and he wasn't trying to hear what I had to say. Lt. Conat told me to turn around and cuff-up so I did. So we started to walk off Swing into the foyer and the C/o's was walk with me. [redacted] So then the Lt. Conat said he will take me then the Lt. Conat started pulling on me and been cuff by putting the hand cuff on tight. When we got outside Lt. Conat through me down to ground and start drag me I told him this is not how you treat human being. So Lt. Conat stated stop resisting and I said how is it that I'm resisting when am on ground. He took me seg and when I got back there he told C/o's to get the lead chain. Lt. Conat put me in the shower and he open the chuck hole to the shower door then he put the lead chain through it. Then Lt. Conat said to me put my hands through shower door chuck hole. I told him my hands are at the chuck hole but he want me to put them outside the chuck hole which I couldn't do. Then he stated to the C/o's if I don't put my hands through the chuck hole to pepper spray me. I told the Lt. Conat I have asthma which he didn't care so he told the C/o to spray me. And the C/o spray me and Lt. Conat and the C/o's start pull the lead chain through the shower chuck hole real hard and my hold arms and hands came all way through shower chuck hole the Lt. and C/o's pulling so hard my back hit the back of the shower door which scratch up my elbows. Lt. Conat start squeezed the handcuff tighter and tighter and pulling real hard down on my arms, trying to break them and my wrist too. "Which was extremely unnecessary force!" After they did what they want to do they left and I told this Lt. Phillip, I couldn't breath because they spray me and I need my asthma pump so she called for the nurse after (20 min) went by the nurse came and she gave me my asthma pump then she put some solution in my eye's. After that was did Lt. Phillip and C/o Thomas put me [in] cell then I asked the Lt. Phillip is the nurse going clean my cut's and bandage them. So after that the shift has change (11:00pm to 7:00am) then I told the C/o on next shift that I need to see nurse because I have open cut's and wounds need be clean and badage and nothing was done. I am Amended this Grievance because on March 20, 2019 3-22-19 the I.A. took pic's of my cut's and wounds and I then talked to another I.A. from the Southern Illinois his name being with last name (H) and he show me the vidoe. So I intend to preserve the evidence of the vidoe footage and pic of incident that occured 3-18-19

ILLINOIS DEPARTMENT OF CORRECTIONS

# Offender Disciplinary Report

Type of Report: ☐ Disciplinary ■ Investigative

Facility: Lawrence Correctional Center

Date: 07/29/2020

Offender Name: McClendon, Wilfred

ID #: B59999

SMI: ☐ yes ☑ no

Race: Black

Observation Date: 07/29/2020

Approximate Time: 10:45 ■ a.m. ☐ p.m.

Location: R3 BL 18

**Offense(s): DR 504:** Investigative Status

**Observation:** (NOTE: Each offense identified above must be substantiated.)

Offender WILFRED MCCLENDON #B59999is being placed in Segregation under Investigative Status pending the outcome of an Investigation. Upon the completion of an Investigation, it shall be determined if Offender MCCLENDON is to be cited under DR 504. Offender WILFRED MCCLENDON #B59999 was positively identified by his State Identification Card and through Institutional Graphics.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| C. Piper | 9176 | [signature] | 07/29/2020 | 11:00 ■ a.m. ☐ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement ■ Investigative Status Reasons: Pending Investigation

Wheeler [signature] Printed Name and Badge #

[signature] Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)

7/29/20 Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment: Continue Confinement

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Stuck #[illegible] Print Reviewing Officer's Name and Badge #

[signature] Reviewing Officer's Signature

7-29-20 Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #

Hearing Investigator's Signature

Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature ID#

Tubb[illegible] Serving Employee (Print Name)

9073 Badge #

[signature] Signature

7-30-20 Date Served

10:26 Time Served ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report | Print offender's name | ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable)

Witness can testify to:

Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable)

Witness can testify to:



Printed on Recycled Paper

Distribution: Master File
Offender

DOC 0317 (Rev 03/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

**Type of Report:** ☐ Disciplinary ■ Investigative

Facility: Lawrence Correctional Center
Date: 8-27-20

Offender Name: Wilfred McClendon
ID #: B59999

Observation Date: 8-27-20 Approximate Time: 10:00 ☐ a.m. ☐ p.m. Location: Seg AL 8

**Offense(s): DR 504:** Investigative Status

**Observation**: (NOTE: Each offense identified above must be substantiated) Offender Wilfred McClendon, B59999 is being placed in Segregation under investigative Status pending the outcome of an investigation. Upon the completion of an investigation, it shall be determined if offender McClendon is to be cited under DR 504. Offender McClendon was positively identified by his state identification card and institutional graphics.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| Amber Elliott | 10392 | Amber Elliott | 8-27-20 | 10:15 ☐ a.m ☐ p.m |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement ☐ Investigative Status Reasons: Pending Investigation

Printed Name and Badge #: Stuckhttlle
Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)
Date: 8-27-20

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment: Cont. conf.

☐ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction**, submitted to Program Unit

Print Reviewing Officer's Name and Badge #: M3 Kill 781
Reviewing Officer's Signature: M3 Kill 781
Date: 8/27/20

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # — Hearing Investigator's Signature — Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

Offender's Signature — ID#

Serving Employee (Print Name): Tucker
Badge #: 10292
Signature: [signature]

Date Served: 8-29-20
Time Served: 6:10 ☐ a.m ☐ p.m

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature — ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report — Print offender's name — ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness — Witness badge or ID# — Assigned Cell (if applicable) — Title (if applicable)

Witness can testify to:

Print Name of witness — Witness badge or ID# — Assigned Cell (if applicable) — Title (if applicable)

Witness can testify to:



Distribution: Master File, Offender, Facility (2)

*Printed on Recycled Paper*

DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS

# Offender Disciplinary Report

Type of Report: ☐ Disciplinary ☐ Investigative

Facility: Lawrence

Date: 9-22-20

Offender Name: McClendon Wilfred

ID #: B59999

Observation Date: 9-22-20 Approximate Time: 11:00 ☐ a.m. ☐ p.m. Location: [illegible]

**Offense(s): DR 504:** Investigative Status

**Observation**: (NOTE: Each offense identified above must be substantiated.) Offender Wilfred McClendon B59999 be placed in Segregation under investigative status pending the outcome of an investigation. Upon the completion of an investigation, a ticket may be issued. Offender McClendon has to be placed under ORS [illegible] Offender McClendon was positively identified by his state identification card and [illegible] institutional Graphics.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| Amber Elliott | 8297 | Amber Elliott | 9-22-20 | 11:15 ☐ a.m ☐ p.m |

## Disciplinary Action:

**Shift Review**: ☐ Temporary Confinement ☐ Investigative Status Reasons: Pending Investigation

Printed Name and Badge #: Stark [illegible]

Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)

Date: 9-23-20

**Reviewing Officer's Decision**: ☐ Confinement reviewed by Reviewing Officer Comment: Continue Confinement

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge #: J. Wheeler 5746

Reviewing Officer's Signature

Date: 10-3-20

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #

Hearing Investigator's Signature

Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature ID#

Serving Employee (Print Name): Hice

Badge #: 9164

Signature

Date Served: 10/4/2020

Time Served: 4:44 ☐ a.m ☐ p.m

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report Print offender's name ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness Witness badge or ID# Assigned Cell (if applicable) Title (if applicable)

Witness can testify to:

Print Name of witness Witness badge or ID# Assigned Cell (if applicable) Title (if applicable)

Witness can testify to:

Page 1 of 1

Distribution: Master File, Offender, Facility (2)

*Printed on Recycled Paper*

DOC 0317 (Rev. 2/2007)

#72-20-275 Seal

RECEIVED LAWRENCE C.C. DEC 10 2020 GRIEVANCE OFFICE

Assigned Grievance Institution: LAWRENCE CORR. CTR Housing Unit: ~~SEG A~~ Bed #: ~~?~~

1st Lvl rec: ILLINOIS DEPARTMENT OF CORRECTIONS 2nd Lvl rec:

**Offender's Grievance**

| Date: 11.30.20 | Offender (please print): Wilfred, McClendon | ID #: B-59999 | Race (optional): Human |
|---|---|---|---|
| Present Facility: LAWRENCE CORRECTIONAL CENTER | | Facility where grievance issue occurred: LAWRENCE CORR CTR | |

**Nature of grievance:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☑ Other (specify): Illegally used Seg confinement/Misconduct
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

Date of report ______ Facility where issued ______

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if EMERGENCY grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

As of November 30th, 2020 Lawrence Correctional Center's staff upon this Sadistically demented Cadre / Administration Has use A diabolically vile and illegally deleterous Seg confinement in a Malevolent Manner to Harass me. Theres only a Plethora of Disastrous Fallacies being cultivated in a Proclivity to only cover up the Plethora of Havoc used against me Maliciously. Even Deanna Brookhart Know of such illegal Seg confinement used Against me.

☐ Continued on reverse

**Relief Requested:**

#1 ~~Rob Jeffreys Shall order Lawrence Correctional Center to~~ Stop using deprivational illegal Seg confinement in a way to torture me Harass me and to subject me to Nefarious tactics in a Vile manner.
#2 I Request Monetary awards for this deliberate indifference Hereof.
#3 I Request to be Released from this illegal Seg confinement First

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance

| Wilfred McClendon | B-59999 | 11.30.20 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: 12/15/20 ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Seg Confinement and cell placement is an administrative decision. Per written response from warden Brookhart - Offender assaulted staff @ this facility and cannot stay d/t safety & security concerns.

| CCI Gosnell | [signature] | 12/16/20 |
|---|---|---|
| Print Counselor's Name | Sign Counselor's Name | Date |

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: ______

Is this determined to be of an emergency nature:

- ☐ Yes, expedite emergency grievance
- ☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature ______ Date ______

Assigned Grievance #/Institution: Housing Unit: Bed #:

1st Lvl rec: 2nd Lvl rec:

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender's Grievance**

of all I haven't did anything and "NO" I am not going on any transfer for some that happen last year. I did that time for last year.